

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 18 2005 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EUGENE DEFELICE,

               Plaintiff,                            04 CV 2063 (SJ)

    -against-                               MEMORANDUM
                                                 AND ORDER

SOUTHWEST AIRLINES CO.,

               Defendant.
------------------------------------------------------------X
APPEARANCES:

DOMINICK W. LAVELLE. ESQ.
38 Willis Avenue
Minneola, NY 11501
By:    Dominick W. Lavelle
Attorney for Plaintiff

ROBERT S. MURPHY, ESQ.
96 Willis Avenue
Minneola, NY 11501
By:    Robert S. Murphy
Attorney for Defendant

JOHNSON, SENIOR DISTRICT JUDGE:

      Eugene Defelice ("Plaintiff") brings this diversity action for compensatory damages against Southwest Airlines Company ("Defendant") for injuries allegedly sustained as a result of Plaintiff's "trip and fall" in an airport jetway in Tampa, Florida. Currently before this Court is Defendant's Motion for Transfer of Venue pursuant to 28 U.S.C. § 1404(a). For the reasons explained below, Defendant's motion is GRANTED and the case is transferred to the United States District Court for the Middle District of

Florida.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts set forth in this statement are derived from the Verified Complaint. On June 4, 2001, Plaintiff was a passenger on Southwest Airlines Flight 1304 traveling from Tampa International Airport in Florida to MacArthur Airport in New York. (Compl. ¶ 8.) While in the jetway from the terminal to the aircraft Plaintiff tripped and fell, causing him to "sustain[] serious, severe and painful injuries." (Id. ¶¶ 8, 10.)

On March 26, 2004, Plaintiff filed a Verified Complaint in the Supreme Court of the State of New York, County of Queens, alleging negligence as a first cause of action and nuisance as a second cause of action, and demanding $4 million in compensatory damages. (Id. ¶¶ 13, 17.) On May 18, 2004, Defendant removed the action to this Court.

On September 26, 2004, Defendant moved to transfer venue to the United States District Court for the Middle District of Florida on the grounds that: (1) the accident occurred in Tampa, Florida; (2) Florida's law will apply; (3) any eye or notice witnesses, the presence of whom this Court cannot compel, will be found in that jurisdiction; (4) any documentary evidence, the production of which this Court cannot compel, will be found in that jurisdiction; (5) a necessary third-party defendant, over whom this Court lacks personal jurisdiction, is located there; and (6) the only connection to the present venue is Plaintiff's residence in Queens, New York. (See Def. Mot.) Plaintiff has not opposed the motion to transfer venue.

2

## DISCUSSION

### I. Standard of Review

A district court may transfer the venue of an action to a district where it "might have been brought" initially "for the convenience of witnesses, in the interests of justice." 28 U.S.C. § 1404(a); Mattel, Inc. v. Robarb's Inc., 139 F. Supp. 2d 487, 490 (S.D.N.Y. 2001).[1] Under § 1404(a), courts decide motions for transfer on an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal citations omitted). The moving party bears a heavy burden of establishing that transfer is appropriate. Sun Hill Indus., Inc. v. Holiday Trims, Inc., 1991 WL 307253, *6 (E.D.N.Y. 1991); Reliance Ins. Co. v. Six Star, Inc., 155 F. Supp. 2d 49, 56 (2001).

Courts consider the following factors in determining whether to transfer a case to another venue:

> "(1) the convenience of witnesses, (2) the location of relevant documents and the relative ease of access to sources of proof, (3) the convenience of the parties, (4) the locus of the operative facts, (5) the availability of process to compel attendance of unwilling witnesses, (6) the relative means of the parties, (7) a forum's familiarity with the governing law, (8) the weight accorded a plaintiff's choice of forum, and (9) trial efficiency and the interests of justice based on the totality of the circumstances."

Id. at 56-57 (internal citations omitted). Although "[t]here is no rigid formula for

---

[1] Here, there can be no dispute that the case could have been brought in the Middle District of Florida. Therefore, this Court will address only "whether, considering the 'convenience of parties and witnesses' and the 'interest of justice,' a transfer is appropriate." Reliance, 155 F. Supp. 2d at 56 (citing Mattel, 139 F. Supp. 2d at 490).

3

P-049

balancing these factors and no single one of them is determinative," Citigroup, Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (internal citations omitted), "the Court must, however, give due deference to the plaintiff's choice of forum which 'should not be disturbed unless the balance of convenience and justice weigh heavily in favor of defendant's forum.'" Reliance, 155 F. Supp. 2d at 57 (internal quotations omitted).

## II. Merits

At the outset, this Court notes that given Plaintiff's failure to oppose the transfer of venue, it can only speculate as to whether/how transferring the case would inconvenience Plaintiff. Of the nine factors outlined in the previous section, only one – the relative means of the parties – strongly supports maintaining this case in its present venue. Indeed, a balancing of all the relevant factors indicates that convenience and justice are best served by transferring the case to the United States District Court for the Middle District of Florida.

### A. *Convenience of Witnesses*

Defendant asserts that any witnesses, presumably with the exception of Plaintiff's medical doctors, are located in Tampa, Florida. In addition, any witnesses from "Hillsborough County Aviation Authority ("the Authority"), which owned, operated, maintained, repaired and/or controlled the jetway on which plaintiff claims to have been injured" are located there. (Def. Mot. at 2, 5.) Defendant also maintains that this Court cannot compel the presence of "Michael Hall and Jacqueline Widaki, both Southwest

4

P-049

employees [who will "provide relevant and material testimony on the fact that Southwest did not own, operate, maintain, repair or control the jetway in question at any time"], live in the Tampa area and do not wish to travel to New York to testify on this case." (Def. Mot. at 5; see id. at 6.) "However, the unavailability of process over [these] witnesses does not compel transfer when the practical alternative of offering videotaped or deposition testimony of a given witness exists." Citigroup, 97 F. Supp. 2d at 561 (citations omitted). Nevertheless, since the record lacks information regarding whom Plaintiff expects to call as witnesses, the Court finds that this factor tips slightly in favor of the Florida forum.

B.   *Location of Documents and Access to Sources of Proof*

Defendant argues that any pertinent documentary evidence (relating to the jetway, its maintenance, and all other proof of liability) will be found in Tampa, Florida. Although the record is silent as to Plaintiff, the Court assumes that Plaintiff's medical records, also material to this litigation, are located in New York. Accordingly, this factor does not favor either New York or Florida. See About.com, Inc. v. Aptimus, Inc., 2001 WL 50321, *3 (S.D.N.Y. 2001) ("the location of documents . . . is neutral in today's era of photocopying, fax machines and Federal Express") (internal quotations marks and citations omitted).

C.   *Convenience of the Parties*

Plaintiff will be inconvenienced by transferring the matter to a Florida venue and Defendant is inconvenienced by the New York venue. However, should it be found

5

liable to Plaintiff, Defendant has a third-party claim against the Authority, which it claims is "the party responsible for the jetway." (Def. Mot. at 5.) As previously noted, the Authority is located in Tampa and Defendant would not be able to bring its third-party claim here in New York. Thus, Defendant would be forced to initiate a separate third-party lawsuit at the conclusion of this action. Defendant is correct that its "ability to implead a third-party in the proposed transferree forum and to resolve the entire matter in a single action weighs heavily in favor of transfer." (Id. at 4.) Accordingly, this factor strongly supports venue in Florida. See, e.g., Falconwood Fin. Corp. v. Griffin, 838 F.Supp. 836, 842 (S.D.N.Y. 1993) ("Interest of justice encompasses the private and public economy of avoiding multiple cases on the same issues.")

D. *Locus of Operative Facts*

Plaintiff's accident occurred in Tampa, Florida. The jetway alleged to have caused the accident is located there. Defendant, the potential third-party defendant, potential eyewitnesses, and a significant portion of documentary evidence are all located in Tampa. Accordingly, this factor weighs heavily in favor of transfer to Florida.

E. *Availability of Process to Compel Unwilling Witnesses*

Defendant argues, without any explanation in support, that this Court cannot compel the presence of Florida-based witnesses unwilling to testify at trial in New York. Nevertheless, the Court presumes Defendant's argument to be based on personal jurisdiction. In any event, the availability of process to compel witnesses to testify does not favor Florida over New York, since Defendant has not identified any nonparty

6

witnesses. Sun Hill, 1991 WL 307253, *7.

F. *Relative Means of the Parties*

Plaintiff, who this Court presumes to lack the financial resources and means of Defendant, a large business entity, certainly would be inconvenienced by having his case transferred to Florida. Nevertheless, Defendant argues that "if the matter is transferred to Florida, plaintiff does not have to be physically present at each litigation related function because Florida counsel can handle all aspects of discovery, etc. Plaintiff's litigation costs would not be substantially increased by the transfer of the case because most costs that would be incurred would be incurred no matter the venue of the case." (Def. Mot. at 6.) However, Defendant seems to assume the ease with which Plaintiff will be able to obtain Florida counsel and its statements ignore the fact that Plaintiff's current counsel of choice is based in New York. Moreover, it is the opinion of this Court that Defendant definitely has the means to retain New York counsel, should venue remain here, while Plaintiff's means for obtaining Florida counsel pale in comparison. Accordingly, this factor weighs heavily in favor of maintaining the action in New York.

G. *Familiarity with Governing Law*

Defendant presumes that Florida law will apply "as the accident occurred in Florida, involving an allegedly defective condition of said premises in Florida, which premises were owned, operated, maintained, repaired and controlled by a Florida public entity." (Def. Mot. at 6.) This Court agrees. Notwithstanding the probable application of Florida law, "this Court is no stranger to the investigation and application of the law

7

of other states." Reliance, 155 F. Supp. 2d at 59-60 (citations omitted). Therefore, this factor weighs moderately in favor of transfer to Florida.

H.   *Plaintiff's Choice of Forum*

Plaintiff resides in New York and has chosen to bring suit in this venue. Traditionally, a plaintiff's choice of forum is given great deference. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). "However, the choice is not entitled to the weight it is normally accorded . . . when the litigation 'has little material connection with the forum.'" Sun Hill, 1991 WL 307253, *6 (quoting Williams v. Kerr Glass Mfg. Corp., 630 F.Supp. 266, 270 (E.D.N.Y. 1986)). The gravamen of the present case implicates activity in Florida, where the alleged accident occurred and where the instrumentality alleged to have caused the accident is located, not New York. Accordingly, this factor tips the balance in favor of transfer, but only slightly.

I.   *Trial Efficiency and the Interests of Justice Based upon the Totality of Circumstances*

Finally, as previously noted, Defendant's ability to implead the Authority and thus, resolve the entire matter in a single action in a Florida venue – as opposed to bringing a separate suit in Florida at the conclusion of this action in New York – weighs heavily in favor of transferring the case in the Middle District of Florida.

## CONCLUSION

In light of the above factors, and finding that Defendant has met its burden of establishing that transfer is appropriate, this Court concludes that the balancing of

8

convenience and fairness support venue in Florida. Thus, Defendant's motion is GRANTED. The Clerk of Court is directed to send certified copies of this Order and the original case file to the United States District Court for the Middle District of Florida.

SO ORDERED.

Dated: March 19, 2005
       Brooklyn, New York

s/SJ
_____
Senior U.S.D.J.

P-049